CENTRAL TELEPHONE COMPANY
OF TEXAS, Appellant,

v.

PUBLIC UTILITY COMMISSION OF
TEXAS and Office of Public Utility
Counsel, Appellees.

No. 03–95–00123–CV.

Court of Appeals of Texas,
Austin.

Dec. 6, 1995.

Marc O. Knisely, McGinnis, Lochridge &
Kilgore, L.L.P., Austin, for Appellant.

Laurie Pappas, Deputy Public Counsel, Office of Public Utility Counsel, Susan Bergen Schultz, Assistant Attorney General, Natural Resources Division, Austin, for Appellees.

Before POWERS, ABOUSSIE and KIDD, JJ.

POWERS, Justice.

Central Telephone Company of Texas appeals from a district-court judgment affirming a rate order issued by the Public Utility Commission. *See* Public Utility Regulatory Act (PURA), Tex.Rev.Civ.Stat.Ann. art. 1446c, § 69 (1995); Administrative Procedure Act (APA), Tex.Gov't Code Ann. §§ 2001.171, 2001.901 (West 1995). The Office of Public Utility Counsel was a party in the contested case and an intervenor in the district-court proceeding. *See* PURA § 15A. We will reverse the trial-court judgment and the Commission order and remand the cause to the Commission.

## THE CONTROVERSY

In 1987, the Supreme Court of Texas decided *Public Utility Commission v. Houston Lighting & Power Co.*, 748 S.W.2d 439 (Tex. 1987), *appeal dism'd*, 488 U.S. 805, 109 S.Ct. 36, 102 L.Ed.2d 16 (1988). In its opinion, the court interpreted PURA section 39, a statute that authorizes a regulated utility to recover through its rates the company's reasonable and prudent operating expenses. PURA § 39. Insofar as the utility's income-tax expenses are concerned, the court wrote, utility customers cannot "be held accountable for more than the *actual* tax expense of a utility" and "[t]he utility's rates must reflect the tax liability *actually* incurred." *Houston Lighting*, 748 S.W.2d at 442 (emphasis added); *see also Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 363 (Tex.1983); *see generally*, Ron Moss, *Ratemaking in the*

*Public Utility Commission of Texas,* 44 Baylor L.Rev. 825, 833–43 (1992).

In 1992, we applied the "actual taxes paid" rule of *Houston Lighting* in our decision in *Public Utility Commission v. GTE–SW,* 833 S.W.2d 153, 166 (1992), while pointing out simultaneously the anomalies of the rule and inviting the supreme court to reconsider it. *GTE–SW,* 833 S.W.2d at 166, nn. 11, 12. In 1993, the Commission issued the rate order in controversy in the present case. In January 1995, the trial court affirmed the rate order in its final judgment. In the Commission and in the trial court, the amount of income-tax expense proper to be included in Central's operating expenses was disputed. Both tribunals determined the dispute under the "actual taxes paid" rule of *Suburban, Houston Lighting,* and our own decision in *GTE–SW,* which was the law prevailing at the time of decision in each tribunal.

In April 1995, however, the supreme court altered its view of the "actual taxes paid" rule by its decision, on writ of error, in *Public Utility Commission v. GTE–Southwest,* 901 S.W.2d 401, 410–12 (Tex.1995), stating that the rule "cannot be applied literally when determining the income tax liability in a ratemaking case." *GTE–Southwest,* 901 S.W.2d at 411. After so stating, the supreme court reversed our decision on the issue. *Id.* at 412.

In Central's eighth point of error, it complains the Commission erred in denying the company recovery of any sum as income-tax expense based upon the "actual taxes paid" rule. In response, the Commission concedes the error and requests an opportunity to reconsider the issue in light of the recent supreme court decision in *GTE–Southwest.* The Office of Public Utility Counsel, however, opposes any remand for that purpose.

## DISCUSSION AND HOLDINGS

The inclusion of a proper amount for Central's income-tax expense in the company's operating expenses is essential for any calculation of just, fair, and reasonable rates. PURA §§ 18(b), 39; *GTE–Southwest,* 901 S.W.2d at 409. The Commission believes its earlier calculation was erroneous and that it must therefore issue a new rate order. It is evident that the Commission must reconsider the issue of a proper income-tax expense

based upon its understanding of the supreme court's language in *GTE–Southwest* and whatever agency policy may issue from that reconsideration. The matter cannot be resolved merely by mathematical calculation. The Commission may wish to re-open the evidence on the question and other related or affected issues; the agency may wish to hear opposing views before formulating administrative policy and making a decision in a matter which involves the public interest. These are the Commission's prerogatives. A reviewing court must respect them in light of the agency's important responsibilities under PURA. A remand is therefore required. *See* APA § 2001.174(2); *National Ass'n of Greeting Card Publishers v. USPS,* 462 U.S. 810, 825, 103 S.Ct. 2717, 2727, 77 L.Ed.2d 195 (1983); *Federal Power Commission v. Idaho Power Co.,* 344 U.S. 17, 20, 73 S.Ct. 85, 86–87, 97 L.Ed. 15 (1952); *F.C.C. v. Pottsville Broadcasting Co.,* 309 U.S. 134, 138, 60 S.Ct. 437, 439, 84 L.Ed. 656 (1939); 73A C.J.S. *Public Administrative Law and Procedure* § 256 at 389 (1983); Louis L. Jaffe, *Judicial Control of Administrative Action,* 713–20 (1965).

For the reasons given, we sustain Central's eighth point of error, reverse the trial-court judgment and the Commission's final order, and remand the cause to the Commission.

Reversed and Remanded