TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00575-CV






Jaime Levy, M. D., Appellant



v.



Texas State Board of Medical Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 96-14912, HONORABLE JEANNE MEURER, JUDGE PRESIDING 







 This is an appeal challenging the appellee Texas State Board of Medical Examiners'
(the "Board") decision to restrict appellant Jaime Levy's medical license for five years. On
appeal, Levy brings forth two issues for our consideration. First, Levy asks us to consider
whether the Board changed the administrative law judge's ("ALJ") findings of fact and
conclusions of law in violation of the Administrative Procedure Act ("APA"). And second, Levy
asks us to consider whether the Board's conclusion that he violated the Medical Practice Act is
supported by substantial evidence. Because we conclude that the Board's changes to the ALJ's
findings of fact and conclusions of law were not in compliance with the APA, we reverse the
Board's decision to restrict Levy's medical license and remand the cause to the agency for
proceedings consistent with this opinion. 


BACKGROUND


 This case arises from allegations by Board staff (the "Staff") concerning Levy's
care and treatment of a single patient, I.G., from May 18, 1993 to August 2, 1993. The Staff
alleged that Levy's care and treatment of I.G.'s body rash and eye infection violated the Medical
Practice Act. See Tex. Rev. Civ. Stat. Ann. art. 4495b (West 1998). Specifically, the Staff
alleged that Levy violated the Medical Practice Act because he: (1) failed to adequately document
I.G.'s condition and treatment; (2) failed to perform an adequate history and physical examination
of I.G.; (3) failed to therapeutically prescribe medicine to I.G.; and (4) failed to provide adequate
follow-up care. See id. § 3.08(4)(E) (Board may discipline licensee for prescribing or
administering drug or treatment that is nontherapeutic in nature or nontherapeutic in manner drug
or treatment is administered or prescribed); see also id. § 3.08(18) (Board may discipline licensee
for professional failure to practice medicine in acceptable manner consistent with public health and
welfare).

 On February 7, 1996, the State Office of Administrative Hearings ("SOAH")
conducted a hearing regarding the aforementioned complaints. See Tex. Gov't Code Ann.
§ 2003.021 (West 1997); Tex. Rev. Civ. Stat. Ann. art. 4495b, § 4.05 (a). After hearing
testimony from Levy and the Staff's medical expert concerning the Staff's allegations, the ALJ
issued a detailed (1) proposal for decision which included the following findings of fact: (1) the
medical records for Levy's care and treatment of I.G. were "minimal;" however, such documents
were "adequate" and "did not deviate from the standard of care so as to constitute a level of
unacceptable practice inconsistent with public health and welfare;" (2) Levy "elicited" and
"performed" a patient history and physical examination of I.G; (3) the drugs Levy prescribed for
I.G.'s body rash and eye infection were "therapeutic" and were administered in a "therapeutic
manner;" and (4) as to adequate follow-up care, Levy referred I.G. to an ophthalmologist to
"confirm his diagnosis" that I.G.'s eye infection had "completely cleared" and "to check the
continued irritation that I.G. described." (2)

 Based upon these findings of fact, as well as other reasons set out at length in the
proposal for decision, the ALJ concluded that there was not "sufficient evidence" to find a
violation of the Medical Practice Act. Therefore, the ALJ recommended that no disciplinary
action be taken against Levy and that all complaints by Staff regarding Levy's care of I.G. be
dismissed.

 On October 4, 1996, the Board considered the ALJ's decision. The Board heard
oral arguments and then deliberated in executive session. After its deliberation in executive
session, the Board issued nine findings of fact and conclusions of law contrary to the ALJ's
proposal for decision. (3) In particular, contrary to the ALJ's proposal for decision, the Board found
that: (1) Levy failed to "adequately document his care and treatment of I.G" on numerous
occasions; (2) there was "no indication" that a physical examination or a patient history was
performed at any of the consultations; and (3) the drugs prescribed and administered to I.G were
nontherapeutic. Based on such findings, the Board concluded that Levy was in violation of
sections 3.08(4)(E) and 3.08(18) of the Medical Practice Act. Therefore, contrary to the ALJ's
recommendation, the Board disciplined Levy by restricting his medical license for five years and
subjecting him to various terms and conditions set out in the Board's Order. The district court
sustained this Order on August 15, 1997. See Tex. Rev. Civ. Stat. Ann. art. 4495b, § 4.09.

 On appeal, Levy challenges the Board's changes to the ALJ's proposal for decision. 
Specifically, he argues that the Board changed the ALJ's decision (1) in violation of the APA and
(2) that such changes are not supported by substantial evidence. As a threshold issue, we first
consider Levy's argument that the Board changed the ALJ's findings of fact and conclusions of
law in violation of the APA.


DISCUSSION

 APA section 2001.058(e) provides as follows:


A state agency may change a finding of fact or conclusion of law made by the
administrative law judge ... only for reasons of policy. The agency shall state in
writing the reason and legal basis for a change made under this subsection.



APA section 2001.058(e) (emphasis added). This Court recently addressed the meaning of this
provision in Employees' Retirement Sys. of Texas v. McKillip, slip op. at 9 (Tex. App.--Austin
November 20, 1997, no pet.). In McKillip, we stated that: 


The word policy as used in the statute means a matter involving the public interest,
such as a right, duty, or expectation of the community at large derived, for
example, from a statute administered by the agency, a constitutional provision, or
another source of law. The term legal basis refers to the source from which the
policy is derived. The word reason requires the agency to articulate a rational
connection between the stated policy and the change ordered by the agency in the
particular case.



See id. (emphasis added); see also Bernard Schwartz, Administrative Law § 7.29 (1984).

 In the instant cause, Levy argues that the Board's Order violates section
2001.058(e) because the Board failed to articulate a rational connection between the changes
ordered and its stated policy. We agree.

 In conclusion of law number eight, the Board generically stated that its reasons for
changing the ALJ's findings of fact and conclusions of law were as follows:


The Texas Board of Medical Examiners finds that the findings of fact and
conclusions of law, and the proposed Order by the Administrative Law Judge are
against the weight of the evidence, based on unsound medical principles, and are
not sufficient to protect public interest and upon such findings it is the policy of the
Board to change findings of fact, and conclusions of law or to vacate or modify the
proposed order of an administrative law judge. (4)

While it may be true that the ALJ's findings of fact, conclusions of law, and proposed order are
(1) against the weight of the evidence, (2) based on unsound medical principles, and (3) not
sufficient to protect the public interest, section 2001.058(e) and our decision in McKillip require
the Board to specify the reasons why each of the ALJ's finding of fact and conclusion of law is
against the weight of the evidence, based on unsound medical principles, and/or not sufficient to
protect the public interest. Here, the Board has generically stated in a single conclusion of law
multiple reasons for all of the changes made to the ALJ's proposal for decision. We made it clear
in McKillip that the Board is required to articulate specifically its reasons for each individual
change made. It is unfair to Levy and against public policy to allow the Board to simply state a
blanket rule and then, without specific reason, say that the ALJ's decision does not comply. See
generally McKillip, slip op. at 10-12. Moreover, public policy is enhanced when the Board
elaborates on why an ALJ's finding of fact or conclusion of law is based on "unsound medical
principles" or is "not sufficient to protect the public interest" because such elaboration will help
guide future ALJ's in these types of proceedings and will enhance the public's knowledge of what
constitutes inappropriate physician behavior. We therefore hold the order insufficient under APA
section 2001.058(e) and our holding in McKillip and sustain Levy's first issue.

 Having concluded that the agency's order is insufficient under APA section
2001.058(e), we need not address whether there is substantial evidence to support the Board's
order. See McKillip, slip op. at 13-14 (we need not decide substantial evidence issue when we
reverse on the ground that statutory violation has occurred). We therefore reverse the trial court's
judgment and remand this cause to the board for reconsideration of its order in accordance with
this opinion.



 

 Mack Kidd, Justice

Before Justices Aboussie, Jones and Kidd

Reversed and Remanded

Filed: April 9, 1998

Publish 

1.   The proposal for decision specifically outlined each allegation, the testimony and arguments
supporting and disputing each allegation, and a synopsis of the ALJ's analysis and resolution of
each complaint. 
2.   Although not critical to our decision, we note that Levy's treatment of this patient was for
a very brief period of time and involved what was apparently a fairly minor skin rash and eye
irritation. 
3.   The Board issued seven findings of fact and two conclusions of law that were contrary to
the ALJ's findings and conclusions. Moreover, the Board added one additional finding of fact and
one additional conclusion of law. Finally, the record shows that four of the ALJ's findings of fact
were deleted in their entirety by the Board.
4.   The source from which this policy statement is derived is from a rule of the Board found
at 22 Texas Administrative Code section 187.34 which provides:


[I]t shall hereafter be the policy of the board to change a finding of fact or conclusion
of law or to vacate or modify the proposed order of an administrative law judge when
the proposed order is:


(1) erroneous;

(2) against the weight of the evidence;

(3) based on unsound medical principles;

(4) based on an insufficient review of the evidence;

(5) not sufficient to protect the public interest; or 

(6) not sufficient to adequately allow rehabilitation of the physician.


22 Tex. Admin. Code § 187.34 (1995).


posed order are
(1) against the weight of the evidence, (2) based on unsound medical principles, and (3) not
sufficient to protect the public interest, section 2001.058(e) and our decision in McKillip require
the Board to specify the reasons why each of the ALJ's finding of fact and conclusion of law is
against the weight of the evidence, based on unsound medical principles, and/or not sufficient to
protect the public interest. Here, the Board has generically stated in a single conclusion of law
multiple reasons for all of the changes made to the ALJ's proposal for decision. We made it clear
in McKillip that the Board is required to articulate specifically its reasons for each individual
change made. It is unfair to Levy and against public policy to allow the Board to simply state a
blanket rule and then, without specific reason, say that the ALJ's decision does not comply. See
generally McKillip, slip op. at 10-12. Moreover, public policy is enhanced when the Board
elaborates on why an ALJ's finding of fact or conclusion of law is based on "unsound medical
principles" or is "not sufficient to protect the public interest" because such elaboration will help
guide future ALJ's in these types of proceedings and will enhance the public's knowledge of what
constitutes inappropriate physician behavior. We therefore hold the order insufficient under APA
section 2001.058(e) and our holding in McKillip and sustain Levy's first issue.

 Having concluded that the agency's order is insufficient under APA section
2001.058(e), we need not address whether there is substantial evidence to support the Board's
order. See McKillip, slip op. at 13-14 (we need not decide substantial evidence issue when we
reverse on the ground that statutory violation has occurred). We therefore reverse the trial court's
judgment and remand this cause to the board for reconsideration of its order in accordance with
this opinion.



 

 Mack Kidd, Justice

Before Justices Aboussie, Jones and Kidd

Reversed and Remanded

Filed: April 9, 1998

Publish 

1.   The proposal for decision specifically outlined each allegation, the testimony and arguments
supporting and disputing each allegation, and a synopsis of the ALJ's analysis and resolution of
each complaint. 
2.   Although not critical to our decision, we note that Levy's treatment of this patient was for
a very brief period of time and involved what was apparently a fairly minor skin rash and eye
irritation. 
3.   The Board issued seven findings of fact and two conclusions of law that were contrary to
the ALJ's findings and conclusions. Moreover, the Board added one additional finding of fact and
one additional conclusion of law. Finally, the record shows that four of the ALJ's findings of fact
were deleted in their entirety by the Board.
4.   The source from which this policy statement is derived is from a rule of the Board found
at 22 Texas Administrative Code section 187.34 which provides:


[I]t shall hereafter be the policy of the board to change a finding of fact or conclusion
of law or to vacate or modify the proposed order of an administrative law judge when
the proposed order is: