TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00880-CV







Sierra Club and Downwinders at Risk, Appellants



v.



Texas Natural Resource Conservation Commission, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 99-06479, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING








 Sierra Club and Downwinders at Risk ("plaintiffs") appeal from a judgment that
dismisses for want of subject-matter jurisdiction their suit for judicial review of a final order
issued by the Texas Natural Resource Conservation Commission (the "Commission") in a
contested case. (1) We will reverse the judgment and remand the cause to the trial court.

THE CONTROVERSY


 TXI Operations, L.P. (TXI) applied to the Commission for a permit authorizing
the burning of solid waste in TXI's cement kilns at Midlothian, which TXI had done previously
without the necessity of a permit. The plaintiffs, the Commission's Public Interest Counsel, and
seven individuals were parties of record in the contested case that followed the filing of TXI's
application. After a hearing, the Commission issued its final order granting the permit.

 The plaintiffs filed in the present cause an original petition imputing numerous
errors of law to the Commission's decision, naming the Commission as the sole defendant. The
Commission was served with citation and appeared in the cause by filing an original answer
containing a general denial only. While the other parties of record evidently received copies of
the plaintiffs' petition, they were not served with citation requiring them to appear and answer in
the cause. (2) 

 The trial court construed the plaintiffs' petition as alleging a single cause of action
that was purely statutory, authorized and governed by section 361.321 of the Texas Health and
Safety Code and another statute discussed below. (3) And because these statutes required service of
citation on the other parties, with a copy of the plaintiffs' petition attached thereto, the court
concluded the plaintiffs had failed to comply with statutory provisions that were integral parts of
their statutory cause of action. Under the doctrine requiring strict compliance with such
provisions--a doctrine laid down in Mingus v. Wadley, 285 S.W. 1084 (Tex. 1926)--the trial court
dismissed the cause for want of subject-matter jurisdiction. (4) See Mingus, 285 S.W. at 1087. The
plaintiffs appeal from the judgment of dismissal.


THE STATUTES


 Some 84 days after the plaintiffs filed their petition, the Commission filed a plea
to the jurisdiction that the trial court sustained. The plea orchestrated two applicable statutes as
grounds for the Commission's contention that the trial court lacked subject-matter jurisdiction
because the other parties had not received service of citation.

 The first statute is section 361.321 of the Texas Health and Safety Code, which the
court held was the sole statute under which plaintiffs alleged they were authorized to bring a cause
of action for judicial review of the Commission's final order granting the permit requested by
TXI. Subsection (a) of the statute provides "[a] person affected by a decision . . . of the
commission may appeal the action by filing a petition in a district court of Travis County." Tex.
Health & Safety Code Ann. § 361.321(a) (West Supp. 2000). Subsection (c) of the statute
provides that in such actions, save for an exception not material here, "the petition must be filed
not later than the 30th day after the date of the . . . decision" and "[s]ervice of citation must be
accomplished not later than the 30th day after the date on which the petition is filed." Id. §
361.321(c) (emphasis added). It is undisputed that citation was not served on the other parties of
record before the 30th day after the plaintiffs filed their petition. The Commission, the sole
defendant named in the plaintiffs' petition, was served with citation within the time required.

 The second statute governing the plaintiffs' statutory cause of action is Section
2001.176 of the Administrative Procedure Act ("APA"). See Tex. Gov't Code Ann. § 2001.176
(West Supp. 2000). Subsection (b)(2) of the statute requires that "a copy of the petition must be
served on the state agency and each party of record in the proceedings before the agency." Id.
§ 2001.176(b)(2) (emphasis added). In E.R.S. v. McKillip, we held that section 2001.176(b)(2)
meant, for reasons set forth in our opinion, that each party of record in the agency proceedings
must be served with a copy of the petition attached to a citation issued and served in a manner
authorized by Rules 99 through 107 of the Texas Rules of Civil Procedure. See Employees'
Retirement Sys. v. McKillip, 956 S.W.2d 795, 797-98 (Tex. App.--Austin 1997, no writ). We
held, moreover, that the provisions set out in Rules 21 and 21a, authorizing the service of
"notice" on other parties (as was evidently done in the present cause), were insufficient to satisfy
section 2001.176(b)(2). Id. We held finally in McKillip that compliance with section
2001.176(b)(2) was essential to the reviewing court's subject-matter jurisdiction under the Mingus
doctrine, requiring strict compliance with the statute and an affirmative showing of that
jurisdictional fact in order to allege a cause of action within the trial court's special statutory
jurisdiction.


DISCUSSION AND HOLDINGS



 As we did in McKillip, the trial court relied in the present cause on the Mingus 
doctrine in holding the trial court lacked subject-matter jurisdiction. After the trial court judgment
in the present cause, however, the supreme court overruled Mingus "to the extent that it
characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000). By necessary implication, the Dubai
decision also overruled McKillip in its entirety. We are now required to consider Dubai's
application to the grounds upon which the trial court dismissed the plaintiffs' cause of action in
the present cause, assuming their petition averred only a purely statutory cause of action under
section 361.321 of the Texas Health and Safety Code as the Commission contends and as the trial
court concluded.

 To understand the holding in Dubai, we should first note the particulars of Mingus 
which Dubai overruled. In Mingus, the plaintiffs were the beneficiaries of a decedent whose death
was covered by workers' compensation insurance. The workers' compensation insurer failed to
pay an award ordered by the Industrial Accident Board, and the plaintiffs brought against the
insurer a purely statutory cause of action for enforcement of the award. The relevant statutory
provisions specified the following elements of such a cause of action:  (1) the Industrial Accident
Board had made an award in the plaintiffs' favor; (2) the award was against the defendant named
in the plaintiffs' suit; (3) the award had not been set aside by the timely filing of a suit seeking
such relief; and (4) the injury occurred either in the county where the plaintiffs sued in the
enforcement action or in a county where one of them resided. Because these essential elements
were not alleged in the plaintiffs' petition, the court held the petition was fatally defective for a
want of subject-matter jurisdiction apparent on the face of the pleading--the right to be enforced
and the remedy authorized being in derogation of the common law, the statutory provisions were
mandatory and exclusive and must be alleged to bring the cause within the trial court's statutory
jurisdiction. See Mingus, 285 S.W. at 1089-90.

 In Dubai, the supreme court expressly overruled the part of Mingus which held the
plaintiffs were required to plead the statutory elements in order to show affirmatively that subject-matter jurisdiction existed in the trial court. That is, at least, our understanding of Dubai and its
reference to "statutory prerequisites." The primary reason given for overruling the long-standing
doctrine of Mingus was that classifying such "statutory prerequisites" as issues of subject-matter
jurisdiction resulted in making judgments rendered in particular cases perpetually "vulnerable to
delayed [collateral] attack for a variety of irregularities that" ought to be precluded by res
judicata, because in many instances the irregularities result simply from the parties making "a
good-faith mistake in interpreting the law." Such "irregularities" or "statutory prerequisites" will
not, henceforth, go to the question of subject-matter jurisdiction, the court stated, but simply "to
the right of the plaintiff to relief." Dubai Petroleum Co., 12 S.W.3d at 76. We are left then to
decide what the terms "irregularities" and "statutory prerequisites" mean in context, and whether
they encompass the service-of-citation defect at issue in the present appeal.

 In Dubai itself, the statutory prerequisite in question was the statutory requirement
implicit in a statute that gave citizens of foreign countries the right to maintain a wrongful-death
action in Texas courts provided the decedent's country of citizenship afforded "equal treaty
rights" to United States citizens. See Tex. Civ. Prac. & Rem. Code Ann. § 71.031(a)(4) (West
Supp. 2000). The supreme court held the plaintiffs' burden to demonstrate the existence of such
a treaty was not a jurisdictional prerequisite but rather a condition upon which their right to relief
depended. See Dubai Petroleum Co., 12 S.W.3d at 76-77. 

 As the court indicated in Dubai, the collective term "statutory prerequisites"
encompasses "a variety of irregularities" that are not jurisdictional. See id. at 76. Given this
variety and the generality of the terms involved, we believe one may say with some confidence
that they do not include matters that are traditionally and undoubtedly elements of subject-matter
jurisdiction.

 A court's subject-matter jurisdiction traditionally consists of a power, conferred by
constitutional or statutory provision, to decide the kind of cause alleged in the plaintiff's petition
and to award an authorized form of relief. See 21 C.J.S. Courts § 19 at 24 (1990); 20
Am. Jur. 2d Courts § 58 at 375, § 70 at 384 (1995). A constitutional delegation of general power
to the district courts is found, for example, in article V, section 8, of the Texas Constitution; and
a statutory grant of power to such courts is found in section 24.008 of the Texas Government
Code, assigning to the district courts a general power to "hear and determine any cause that is
cognizable by courts of law or equity and [to] grant any relief that could be granted by either
courts of law or equity." Tex. Gov't Code Ann. § 24.008 (West 1988).

 Apart from such general grants of adjudicative power, a statute may grant the
district courts, or one or more of them, a special statutory jurisdiction to hear, determine, and
award relief in particular kinds of cases that are themselves authorized by statute. And in Section
2001.174 of the APA, the district courts of Travis County are empowered to decide causes and
award specified forms of relief in suits for judicial review of administrative-agency actions in
contested cases, when such cases are brought before those courts by a cause of action authorized
by another statute. See id. § 2001.174. Section 2001.038 of the APA empowers the same courts
to render declaratory judgments determining the validity or applicability of agency rules. See id. 
§ 2001.038.

 No court possesses unrestricted jurisdiction. A court's jurisdiction may, for
example, be limited geographically. We have noted recently that jurisdiction to order a particular
form of relief may be restricted to a specified time period. See Texas Alcoholic Beverage Comm'n
v. Wilson, No. 03-99-00428-CV (Tex. App.--Austin May 31, 2000, no pet. h.). The power to
award relief is an essential component of subject-matter jurisdiction, and it may be restricted by
a statute limiting the kinds of relief that may be rendered in certain kinds of cases. See Morrow
v. Corbin, 62 S.W.2d 641, 645 (Tex. 1933); Orr v. International Bank of Comm., 649 S.W.2d
769, 770 (Tex. App.--San Antonio 1983, no writ). One finds distinctions of these kinds even in
the APA itself.

 Section 2001.174 of the APA empowers the reviewing court to examine the agency
record for error in cases of substantial-evidence review; but if prejudicial error is found, the
statute only empowers the court to reverse or remand the case to the agency. See Tex. Gov't
Code Ann. § 2001.174(2). This is a direct restriction on the special statutory jurisdiction
delegated to the court in the APA--the court is not free generally to render the kind of relief it
believes the agency should have awarded based on the agency record. And the court's statutory
power in such cases extends only to actions against an agency's "final decision in a contested
case"--a direct restriction on the kind of cause the court may decide. See id. § 2001.171. Section
2001.175(b), on the other hand, is distinctly different in requiring that the record of agency
proceedings be filed with the clerk of the court. See id. § 2001.175(b). This is obviously a
"statutory prerequisite" to judicial review under the substantial-evidence rule, but it neither
defines, enlarges, nor restricts the class of causes the court may decide or the relief the court may
award. It is not, therefore, a requirement going to the reviewing court's subject-matter
jurisdiction. 

 Section 361.321(c) of the Texas Health and Safety Code and section 2001.176(b)(2)
of the APA, insofar as they require service of citation on a party of record in the contested case,
do not define, enlarge, or restrict the class of causes the court may decide or the relief that may
be awarded. Thus a failure to comply with their requirements is not, we believe, a defect that
goes to the trial court's subject-matter jurisdiction under Dubai. (5) We hold accordingly and
conclude the trial court erred in dismissing the plaintiffs' cause of action.

 We therefore reverse the judgment of dismissal and remand the cause to the trial
court. Our reversal on the ground indicated makes it unnecessary to consider the plaintiffs' other
appellate contentions.



 


 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Reversed and Remanded

Filed: July 27, 2000

Publish

















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The Sierra Club and Downwinders at Risk initiated the suit by a joint petition. Therein
they identified the Sierra Club as a "non-profit, membership corporation with members throughout
the United States and approximately 35,000 members in Texas, including many members who
reside within the airshed [sic] impacted by the emissions permitted by [the Commission] in this
cause." The petition describes Downwinders at Risk as "a non-profit corporation with members
who reside within the airshed [sic] which is impacted by the" Commission's issuance of the
disputed permit to an applicant identified as TXI Operations, L.P.


 A cause of action for judicial review of the Commission's final order is authorized by
Section 361.321 of the Texas Health and Safety Code and governed by Sections 2001.171-.178
of the Texas Government Code, a part of the Administrative Procedure Act ("APA"). See Tex.
Health & Safety Code Ann. § 361.321 (West Supp. 2000); Tex. Gov't Code Ann. § 2001.171-.178 (West Supp. 2000). 

 The cause was dismissed for want of jurisdiction before the agency record was filed with
the clerk of the trial court. We take our description of the controversy from the clerk's record,
chiefly from the plaintiffs' petition, the allegations of which we assume to be true for purposes
of testing jurisdiction.
2. The other parties of record in the contested case, who were not served with citation, are
TXI, the Commission's Public Interest Counsel, Donald Rivers, Jeanne Rivers, Don Holley,
Rachel Seay, Billy R. Holley, Christina McPike, and Thelma McLennan. We shall refer to them
in the text hereafter as "the other parties." Although they were not served with citation, copies
of the plaintiffs' petition were delivered to their attorneys or representatives according to
allegations in the plaintiffs' petition.
3. The plaintiffs contend on appeal, as they did in the trial court, that their cause of action
for judicial review was authorized by other statutes; and, that their petition averred a common-law
cause of action and a claim based on a denial of constitutional rights coming within the trial
court's inherent jurisdiction rather than jurisdiction conferred solely by statute. We need not
decide or discuss these matters because we believe the trial court possessed subject-matter
jurisdiction even assuming section 361.321 of the Texas Health and Safety Code governed the
cause of action.
4. The doctrine of Mingus holds that when a plaintiff asserts a purely statutory cause of
action in derogation of the common law, to recover a statutory remedy, subject-matter jurisdiction
is not presumed in the reviewing court and the record must show affirmatively as a jurisdictional
fact that the plaintiff complied strictly with the statutorily prescribed method for transferring the
controversy from the administrative department of government to the district court. See Mingus,
285 S.W. at 1087.
5. The question of in personam jurisdiction over the other parties is not before us.



"BR2">

 


 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Reversed and Remanded

Filed: July 27, 2000

Publish

















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The Sierra Club and Downwinders at Risk initiated the suit by a join