**Affirmed and Memorandum Opinion filed March 3, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00287-CV

---

### TEXAS REAL ESTATE COMMISSION, Appellant

### V.

### JOSEF ADAM RIEKERS, Appellee

---

**On Appeal from the 345th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-17-001112**

---

## M E M O R A N D U M   O P I N I O N

In this real estate license revocation case, Appellant Texas Real Estate Commission (the "Commission") challenges the trial court's judgment in favor of Appellee Josef Adam Riekers ("Riekers"), on the basis that the trial court erred in reversing the Commission's revocation of Riekers' real estate license (the "license")

after he pled guilty to felony theft of government property.  We affirm the judgment of the trial court.[1]

## I.     Factual and Procedural Background

Riekers was employed by the federal government as a special agent and firearms instructor for the Department of Health and Human Services in Dallas, Texas.  Riekers used ammunition at his job, and also kept personal ammunition at his home. Riekers comingled the ammunition, and ultimately traded in some of the commingled ammunition on the internet for different calibers of ammunition he could use.  He informed his employer of the trading, resulting in federal charges against him in violation of 18 U.S.C. § 641.[2]

On November 19, 2014, pursuant to the terms of a plea agreement, Riekers pled guilty in federal court to one count of theft of government property.  He was sentenced to three years of probation, 500 hours of community service, and was required to pay a $100 assessment.

Following his conviction, the Commission initiated proceedings to revoke Riekers' State of Texas real estate license pursuant to Section 1101.652 (a)(1) of the Texas Occupations Code.  A contested case hearing was conducted before an administrative law judge ("ALJ") on July 29, 2016.  *See* Tex. Occ. Code § 1101.657(a), (e); Tex. Gov't Code § 2001.058.  Following the evidentiary hearing,

---

[1] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to this court.  We must therefore decide the case in accordance with the precedent of the Third Court of Appeals if our decision otherwise would have been inconsistent with that court's precedent.  *See* Tex. R. App. P. 41.3.

[2] "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof . . . shall be fined under this title or imprisoned not more than ten years, or both."  18 U.S.C. § 641.

2

the ALJ issued a Proposal for Decision ("PFD") in which he made findings of fact and conclusions of law.

The ALJ found that Riekers' criminal conviction for felony theft would support revocation of Riekers' real estate license, but that Riekers presented substantial evidence of mitigation supporting a less severe penalty.

The ALJ noted the criminal charge, plea, and adjudication of guilt of Riekers, that Riekers' conviction was not one of youthful indiscretion, that the offense ended on July 31, 2014, and also made findings regarding the exemplary record of service and achievements before and after the offense, the letters of recommendation submitted attesting to Riekers' good character, his commendations, work in the community, volunteer work, participation in accountability groups, and voluntary attendance at counseling with his children.

In Finding of Fact No. 13, the ALJ further found Riekers was fit to hold a revoked real estate license on a probated basis.

Riekers filed exceptions to the PFD, which the ALJ found unpersuasive. The Commission did not file any exceptions of its own but filed a Reply to Respondent's Exceptions to Proposal for Decision. At the February 13, 2017, quarterly meeting of the Commission, the Commission reviewed the PFD and voted to adopt the ALJ's PFD with modifications. A Final Order was entered by the Commission on February 16, 2017, adding three findings of fact, deleting the ALJ's Finding of Fact No. 13, and modifying the ALJ's Conclusions of Law 7, 8, and 9.

Riekers filed a Motion for Rehearing with the Commission on March 9, 2017, complaining that the Final Order was an "arbitrary and capricious abuse of discretion." Riekers further alleged that he was denied due process and fair notice because the Commission surprised him at its quarterly meeting by removing the

probationary recommendation from the ALJ's PFD without having filed any exceptions to the PFD. The Commission denied Riekers' Motion for Rehearing on March 29, 2017.

Riekers sought a temporary restraining order to stay the revocation, which was denied. On April 18, 2017, Riekers filed a Petition for Judicial Review, Application for Temporary Injunction and Notice of Hearing with the Travis County District Court asserting that the Commission improperly surprised Riekers with its decision to remove the probationary recommendation from the ALJ's PFD, that the Commission's modifications to the PFD were not supported by the record, and that Riekers was denied due process. The trial court granted Riekers' Application for Temporary Injunction on April 24, 2017. A bench trial on the merits was held on November 14, 2017. After review of the file and hearing the arguments of counsel, the trial court reversed and vacated the Final Order of revocation issued by the Commission. *See* Tex. Govt. Code § 2001.171–.178 (providing for judicial review of final order); Tex. Occ. Code § 1101.710. The Commission timely filed this appeal.

**A.  The Commission's Modifications to the ALJ's Findings of Fact and Conclusions of Law.**

The ALJ made Findings of Fact that were modified or deleted by the Commission, specifically:

| | ALJ's Proposal For Decision | The Commission's Modifications |
|---|---|---|
| No. 1 | Josef A. Riekers holds a real estate salesperson license, issued by the Texas Real Estate Commission. | Adopted |
| No. 2 | On May 13, 2015, in the United States District Court, Northern | Adopted |

4

District of Texas Dallas Division, Case 3:14-CR-00478-P(1), United States of America v. Josef A. Riekers, Respondent pleaded guilty to and was adjudicated guilty of violating 18 U.S.C. § 641 (Theft of Government Property), a felony. The offense ended July 31, 2014. Respondent was sentenced to probation for three years, subject to terms and conditions, including payment of a $100 special assessment, due immediately, and 500 hours of required community service. It was also ordered that Respondent not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

No. 2a

Added:

Respondent was employed as a Special Agent for the Office of the Inspector General of the U.S. Department of Health and Human Services, but was required to terminate his employment as a result of his guilty plea and conviction.

No. 2b

Added:

Respondent committed a serious federal crime, which involved stealing ammunition from a federal armory on multiple occasions and selling the stolen ammunition on the internet.

5

| | | |
|---|---|---|
| No. 3 | The offense was not one of youthful indiscretion–Respondent was in his mid-40s at the time of the offense. | Adopted |
| No. 3a | | Added: Respondent's theft conviction correlates directly to the fiduciary duties and relationship Respondent has with his clients as a licensed real estate sales agent. |
| No. 4 | Respondent had an exemplary record of service and achievement [with lists]. | Adopted |
| No. 5 | Respondent submitted letters of recommendation [listing six]. | Adopted |
| No. 6 | Respondent received commendations from employers and various law enforcement agencies [as well as a certificate of recognition for his efforts as a First Responder on September 11, 2001]. | Adopted |
| No. 7 | Respondent has taken a number of courses to make himself a better real estate agent. He obtained certificates from the Texas Association of Realtors Graduate Realtor Institute in Real Estate Brokerage, Real Estate Finance, and Real Estate Marketing. | Adopted |
| No .8 | Respondent continued volunteer work . . . following his conviction. | Adopted |

| | | |
|---|---|---|
| No. 9 | Respondent became involved in the community, including church groups and ministry after his conviction. | Adopted |
| No. 10 | Respondent obtained part-time employment with the City of Rockport, as a Lifeguard Supervisor and Water Safety Instructor. | Adopted |
| No. 11 | Respondent went to counseling with his children after his conviction and continues to do so, even though he has been discharged and it is no longer required. | Adopted |
| No. 12 | Respondent has joined some accountability groups at his church after his conviction. | Adopted |
| No. 13 | Respondent demonstrated that he is fit to hold a revoked real estate license. | Deleted |

The ALJ made Conclusions of Law that were modified by the Commission, including:

| | ALJ's Proposal for Decision | The Commission's Modifications |
|---|---|---|
| No. 4 | Staff had the burden of proof by a preponderance of the evidence | Adopted |
| No. 7 | The evidence regarding the 22 Texas Administrative Code Section 541.1(b)-(c) factors supports Respondent holding a license subject to probation. | Modified: The evidence regarding the 22 Texas Administrative Code Section 541.1(b)-(c) factors supports the revocation of Respondent's license. |
| No. 8 | Staff met its burden of proof demonstrating Respondent's license should be revoked at this | Modified: Staff met its burden of proof |

7

| | | |
|---|---|---|
| | time, but did not meet its burden of proof that the revocation should not be probated. | demonstrating Respondent's license should be revoked. |
| No. 9 | Respondent's license should be revoked, but the revocation should be subject to probation for ten years. If at the end of ten years, there has been no violation of the terms of the probation then the revocation shall be lifted and Respondent's license shall be reinstated. | Modified: Respondent's license should be revoked. |

## II.    Standard of Review

We review the Commission's final order under the "substantial evidence" standard codified in the Administrative Procedures Act ("APA"). Tex. Gov't Code § 2001.174. Whether the Commission's order satisfies the substantial-evidence standard is a question of law. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex. 1984). On appeal from the trial court's judgment, the focus of the appellate court's review is the Commission's decision. *See Montgomery Indep. Sch. Dist. v. Davis,* 34 S.W.3d 559, 562 (Tex. 2000). Thus, the trial court's judgment is not entitled to deference on appeal. *Texas Dep't of Pub. Safety v. Alford,* 209 S.W.3d 101, 103 (Tex. 2006) (per curiam). The substantial evidence standard requires that we reverse or remand a case for further proceedings "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions" are not reasonably supported by substantial evidence, are arbitrary and capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion. Tex. Gov't Code § 2001.174(2).

A substantial-evidence analysis entails two component inquiries: (1) whether the agency made findings of underlying facts that logically support the ultimate facts

8

and legal conclusions that are the ultimate basis for the order; and, (2) whether the findings of underlying fact are reasonably supported by evidence. *See Vista Med. Ctr. Hosp. v. Texas Mut. Ins. Co,* 416 S.W.3d 11, 26–27 (Tex. App.—Austin 2013, no pet.). The second inquiry, which has been termed the "crux" of a substantial-evidence review, is highly deferential to the Commission's determination: "substantial evidence" in this sense "does not mean a large or considerable amount of evidence"—in fact, the evidence may even preponderate against the agency's finding—but requires only "such relevant evidence as a reasonable mind might accept as adequate to support a [finding] of fact." *Slay v. Texas Comm'n on Envtl. Quality,* 351 S.W.3d 532, 549 (Tex. App.—Austin 2011, pet. denied). Likewise, we "may not substitute [our] judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion." *Id.* at 549 (citing *Southwestern Pub. Serv. Co. v. Public Util. Comm'n of Tex.,* 962 S.W.2d 207, 215 (Tex. App.—Austin 1998, pet. denied)). In contrast, the first inquiry, concerning the extent to which the underlying facts found by the Commission logically support its ultimate decision or action, may entail questions of law that we review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water,* 336 S.W.3d 619, 624 (Tex. 2011); *Davis,* 34 S.W.3d at 565 (Tex. 2000) (citing *Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex. 1984)); *City of El Paso v. Public Util. Comm'n,* 344 S.W.3d 609, 619 (Tex. App.—Austin 2011, no pet.); *Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd.,* 156 S.W.3d 91, 99 (Tex. App.—Austin 2004, pet. denied).

## III. Analysis

The Commission raises five issues on appeal, asserting that: (1) the Commission's Final Order is supported by substantial evidence; (2) the Commission did not abuse its discretion when issuing its Final Order; (3) the Commission had the

authority to change the PFD and adequately explained the changes made in the Final Order; (4) Riekers received due process; and (5) the Commission did not prejudice Riekers' rights by failing to file exceptions to the PFD.[3]  Dispositive of all four of the Commission's first four issues is whether the Commission violated Riekers' substantive rights by modifying the ALJ's PFD and revoking Riekers' real estate license, instead of imposing the probated penalty recommended by the ALJ.

**A.    The Commission's Statutory Authority to Modify, Amend or Change the Proposal for Final Decision**

The Commission argues that it has the authority to modify the PFD and adequately explained the changes that it incorporated into the Final Order.  Riekers argues that the Commission improperly modified the PFD.

### 1.    The ALJ's Role As Factfinder

An ALJ is a "disinterested hearing officer" to whom the legislature has delegated the duty of basic fact-finding.  *See Flores v. Employees Ret. Sys.*, 74 S.W.3d 532, 539 — 40 (Tex. App.—Austin 2002, pet. denied). An agency cannot frustrate the delegation of the fact-finding role by ignoring an ALJ's "findings with which it disagrees and substitut[ing] its own additional findings." *Davis*, 34 S.W.3d at 564 (discussing school board's authority under Education Code to change findings of fact made by hearing examiner where statute did not specifically provide for the board to find additional facts and permitted changes to findings only if supported by substantial evidence).  When the APA, or other applicable enabling statute, does not specifically provide for an agency's board to find facts in addition to those found by the hearing examiner, the board exceeds its authority by so doing. *See id.* "If a

---

[3] Riekers did not file a cross-appeal but presents four issues of his own rather than responses to Appellant's issues. Riekers asserts that the Commission's "Issues" are not all issues and are illogically separated.  To the extent that Appellee's proposed issues and arguments are responsive to those raised by the Commission, we will address them.  Otherwise, we decline to address Appellee's separate issues because he has not filed a cross-appeal.

board or commission could find additional facts, resolving conflicts in the evidence and credibility disputes, it would then be serving as its own factfinder despite delegating the factfinding role to a hearing examiner, and the process of using an independent factfinder would be meaningless." *Id.* Here, the APA and the agency rules do not allow the Commission to sit as the fact finder. Rather, the Commission is only allowed to "modify, amend or change." Tex. Gov't Code § 2001.058(e); 22 Tex. Admin. Code § 533.7(d)-(e).

Adjudicative facts are often the subject of conflicting evidence, which are more appropriately resolved by the ALJ, who is better suited than an agency or board in determining how much weight to give each side's evidence and better suited to make credibility determinations. *See Hyundai Motor Am. v. New World Car Nissan, Inc.*, 581 S.W.3d 831, 838 (Tex. App.—Austin 2019, no pet.)

### 2. APA Requirements Allowing Modification of the ALJ's Findings of Fact and Conclusions of Law

The APA controls the Commission's ability to modify the findings of fact or conclusions of law made by an administrative law judge. Tex. Gov't Code § 2001.058(e). The APA provides:

> (e) A state agency may change a finding of fact or conclusion of law made by the administrative law judge, or may vacate or modify an order issued by the administrative judge, only if the agency determines:
>
>> (1) that the administrative law judge did not properly apply or interpret applicable law, agency rules, written policies provided under Subsection (c), or prior administrative decisions;
>>
>> (2) that a prior administrative decision on which the administrative law judge relied is incorrect or should be changed; or
>>
>> (3) that a technical error in a finding of fact should be changed.
>
> The agency shall state in writing the specific reason and legal basis for a change made under this subsection.

11

Tex. Gov't Code § 2001.058(e). The Commission must "explain with particularity its specific reason and legal basis for each change made." *Granek v. Texas State Bd. of Med. Exam'rs*, 172 S.W.3d 761, 780–81 (Tex. App.—Austin 2005, no pet.); *see Garcia v. Texas Real Estate Comm'n*, No. 03-14-00349-CV, 2016 WL 3068408, at *3 (Tex. App.—Austin May 27, 2016, no pet.) (mem. op.). To meet this requirement, the Commission must "articulate a rational connection between an underlying agency policy and the altered finding of fact or conclusion of law." *Levy v. Texas State Bd. of Med. Exam'rs*, 966 S.W.2d 813, 815 (Tex. App.—Austin 1998, no pet.) (quoting *Employees' Retirement Sys. of Texas v. McKillip,* 956 S.W.2d 795, 800 (Tex. App.—Austin 1997, no pet.)).

## B. Standard of Review for Modification of the ALJ's Findings of Fact and Conclusions of Law

Additionally, when an agency, here the Commission, changes "basic" or "adjudicative" facts, we review its justifications under a stricter standard than we review an alteration to legislative or ultimate facts. *See New World Car Nissan, Inc.*, 581 S.W.3d at 838; *Texas State Bd. of Med. Exam'rs v. Dunn*, No. 03-03-00180-CV, 2003 WL 22721659, at *4–5, *11 (Tex. App.—Austin Nov. 20, 2003, no pet.) (mem. op.) (holding the board "failed to carry its burden to articulate a reasonable evidentiary basis for rejecting the ALJ's [adjudicative] findings of fact"); *Flores*, 74 S.W.3d at 540–41 (in making changes to adjudicative facts, board was not entitled to "reweigh" evidence or make findings that were "not supported by any evidence").

On the other hand, legislative or ultimate facts "do not usually concern the immediate parties but are the general facts that help the tribunal decide questions of law and policy and discretion." *New World Car Nissan, Inc.*, 581 S.W.3d at 838. "A finding of ultimate fact is reached by inference from basic facts." *West Tex. Utils. Co. v. Office of Pub. Util. Counsel*, 896 S.W.2d 261, 270 (Tex. App.—Austin 1995, no writ). A finding of ultimate fact "usually involves 'a conclusion of law or at least

12

a determination of a mixed question of law and fact.'" *Hunter Indus. Facilities, Inc. v. Texas Nat. Res. Conservation Comm'n*, 910 S.W.2d 96, 104 (Tex. App.—Austin 1995, writ denied) (quoting *Helvering v. Tex-Penn Oil Co.*, 300 U.S. 481, 491 (1937)). Therefore, an ultimate finding pertaining to compliance with a statutory standard, when that determination is statutorily within the discretion of an agency, has the same legal effect as a conclusion of law. *New World Car Nissan, Inc.*, 581 S.W.3d at 838 (citing *Hunter Indus. Facilities, Inc.*, 910 S.W.2d at 104—5). When reviewing an agency's findings of ultimate fact, a reviewing court is "limited to the inquiry of whether the agency's findings of basic fact reasonably support its findings of ultimate fact." *Professional Mobile Home Transp. v. Railroad Comm'n of Tex.*, 733 S.W.2d 892, 899 (Tex. App.—Austin 1987, writ refused n.r.e.).

## C.    The Commission's Basis for Modification of the ALJ's Findings of Fact

The Commission added Findings of Facts 2a, 2b, and 3a, and deleted Finding of Fact No. 13. The explanation provided by the Commission for these findings was:

> The record also reflects that, while employed in a position of public trust as a federal peace officer, Respondent stole ammunition from a federal armory on multiple occasions and sold the stolen ammunition on the internet. As a result of Respondent's conviction, Respondent was required to terminate his employment as a Special Agent with the Office of the Inspector General for the U.S. Department of Health and Human Services. Respondent's felony theft conviction correlates to the fiduciary duties and relationship a real estate sales agent has to his clients. *See* 22 Tex. Admin. Code § 531.1. For these reasons, the Commission finds the ALJ did not properly apply or interpret the Commission's authority to discipline a license holder and probate a revocation under Chapter 1101, Texas Occupations Code, and the Commission's Rules.

**1. The Commission Failed to Provide a Reasonable Evidentiary Basis to Support the Addition of Findings of Fact No. 2a and 2b**

**a. The Commission's Addition of Finding of Fact No. 2a**

2a. Respondent was employed as a Special Agent for the Office of the Inspector General of the U.S. Department of Health and Human Services, but was required to terminate his employment as a result of his guilty plea and conviction.

One of the Commission's findings, and part of its rationale for revocation, is that Riekers was required to terminate his employment as a result of his guilty plea and conviction. Riekers continued to work in his position until one day prior to the date of his entry of a guilty plea in open court. As a condition of his plea, he was required to resign. Because this is a plea agreement between the government and a defendant, it is unclear whether the U.S. Department of Health and Human Services requested Riekers' resignation, or if the government was requiring the resignation as a punishment for his crime. The Commission added this adjudicative fact to the Final Order, however, there is no evidence in the record that the Department of Health and Human Services required termination or terminated Riekers as a result of his conviction. Because the Commission based its determination on facts that were not supported by substantial evidence in the record, the Commission abused its discretion in adding Finding of Fact No. 2a.

**b. The Commission's Addition of Finding of Fact No. 2b**

2b. Respondent committed a serious federal crime, which involved stealing ammunition from a federal armory on multiple occasions and selling the stolen ammunition on the internet.

The Commission's Finding of Fact No. 2b states Riekers committed a serious federal crime. The range of punishment for Riekers based upon his sentencing factors was zero to six months, with an applicable fine range of $500-$5,000. The plea agreement accepted by the federal court between the United States and Riekers

reduced a 2 level enhancement and did not impose a fine.[4] A letter from U.S. District Court, Probation and Pretrial Services for the Northern District of Texas ("Probation and Pretrial Services") was submitted to the Commission on April 27, 2016 in support of Riekers' petition to maintain his real estate license. The letter characterized Riekers as an offender suitable for low risk supervision, stating "Low risk offenders have committed low severity violations; have a lower rate of recidivism and are of lower risk to the safety of the community." Theft is a serious crime, however, the letter provided by Probation and Pretrial Services mitigates the seriousness of the offense.

The Commission further states in Finding of Fact No. 2b that Riekers stole ammunition from a federal armory on multiple occasions and sold the stolen ammunition on the internet. In their appellate briefing, both parties raise the issue of whether it was appropriate for the Commission to insert the word "armory" in the Final Order. While Appellant contends that Riekers waived his right to complain about the characterization of theft from an "armory" by failing to address the issue in his Motion for Rehearing, the burden is on the Commission to show Finding of Fact No. 2b is supported by substantial evidence. Accordingly, we review the Commission's addition of this adjudicative fact to determine whether it complied with the APA and was supported by substantial evidence.

There is no evidence in the record to support the finding that Riekers stole ammunition from a federal armory, sold it on multiple occasions, or sold the ammunition. There is also no evidence to controvert the testimony of Riekers that the ammunition was traded and gathered from a shared government vehicle or given to Riekers by a co-worker. In fact, the Factual Resume from Riekers' theft of

---

[4] Riekers received a mandatory $100 assessment.

government property conviction specifically states that Riekers "traded" and "exchanged" rather than "sold" ammunition.

Because the Commission based its determination on facts that were not supported by substantial evidence in the record, the Commission abused its discretion in adding Finding of Fact No. 2b. *Flores*, 74 S.W.3d at 540–41.

### c. The Commission's Addition of Finding of Fact No. 3a

3a. Respondent's theft conviction directly correlates to the fiduciary duties and relationship Respondent has with his clients as a licensed real estate sales agent.

The Commission's explanation cites to the language of 22 Tex. Admin. Code § 531.1.

> A real estate broker or salesperson, while acting as an agent for another, is a fiduciary. Special obligations are imposed when such fiduciary relationships are created. They demand: (1) that the primary duty of the real estate agent is to represent the interests of the agent's client, and the agent's position, in this respect, should be clear to all parties concerned in a real estate transaction; that, however, the agent, in performing duties to the client, shall treat other parties to a transaction fairly; (2) that the real estate agent be faithful and observant to trust placed in the agent, and be scrupulous and meticulous in performing the agent's functions; and (3) that the real estate agent place no personal interest above that of the agent's client.

22 Tex. Admin. Code § 531.1; s*ee also* 22 Tex. Admin. Code § 541.1(a).

Commission staff presented evidence of Riekers' plea of guilty, and the conditions of that plea. Staff argued that Riekers' conviction related to the abuse of a position of trust, and the accounting and handling of funds on behalf of another person, and was directly related to the duties of a real estate license holder. Commission staff further testified that the ability to engage in "further criminal activity of this nature" was a basis to deny Riekers a license. Because Riekers' conviction is based on a breach of trust, consistent with the fiduciary duty of a real

16

estate agent in a real estate transaction, the Commission's addition of Finding of Fact No. 3a is supported by the record.

**2.    The Commission's Deletion of Finding of Fact No. 13 is not Supported by Substantial Evidence**

The Commission deleted Finding of Fact No. 13:

13.    Respondent demonstrated that he is fit to hold a revoked real estate license.

As discussed *supra,* we review the Commission's deletion of Finding of Fact No. 13 under the substantial-evidence analysis. Here, the deletion of Finding of Fact No. 13 concerns an ultimate or legislative fact, because it involves "a conclusion of law or at least a determination of a mixed question of law and fact." *Hunter Indus. Facilities, Inc.*, 910 S.W.2d at 104. In reviewing an agency's findings of ultimate fact, we are "limited to the inquiry of whether the agency's findings of basic fact reasonably support its findings of ultimate fact." *Professional Mobile Home Transp.*, 733 S.W.2d at 899.

In part, the Commission's justification for its finding is the correlation of Riekers' felony to the fiduciary duties and relationship a real estate agent has to his clients. The Real Estate License Act ("RLA") sets forth the grounds for suspension or revocation of a license, which includes pleading guilty to or being convicted of a felony. Tex. Occ. Code § 1101.652(a)(1).

**a.    Factors Determining Fitness to Hold a Real Estate License Subsequent to a Conviction**

There is no dispute that Riekers pled guilty to a felony. The Occupations Code provides that the Commission "may suspend or revoke a license issued under this chapter or take other disciplinary action authorized by this chapter . . ." *Id.* at § 1101.652(a). The RLA provides no guidance for evaluating the type of discipline for violations. However, the Texas Administrative Code sets out the rules relating

17

to provisions of the Texas Occupations Code under Rule 541.1(a)-(c), entitled "Criminal Offense Guidelines." 22 Tex. Admin. Code § 541.1.

In his findings, the ALJ cited the factors the Commission must consider when determining whether an individual with a criminal conviction is fit to hold a real estate license[5]:

(1) the extent and nature of the person's past criminal activity;

(2) the age of the person at the time of the commission of the offense;

(3) the amount of time that has elapsed since the person's last criminal activity;

(4) the conduct and work activity of the person before and following the criminal activity;

(5) the person's compliance with the court-ordered terms and conditions while on parole, supervised release, probation, or community supervision;

(6) the time remaining, if any, on the person's term of parole, supervised release, probation, or community supervision;

(7) evidence of the person's rehabilitation or rehabilitative effort while incarcerated or following release; and

(8) other evidence of the person's present fitness, including letters of recommendation from: prosecution, law enforcement, and correctional officers who prosecuted, arrested, or had custodial responsibility for the person; the sheriff and chief of police in the community where the person resides; and any other persons in contact with the person.

22 Tex. Admin. Code § 541.1(c); see also Tex. Occ. Code § 53.023(a).

---

[5] The ALJ cited the factors contained within 22 Texas Administrative Code § 541.1(b)-(c). The factors located in § 541.1(b) determine whether a criminal offense not listed in subsection (a) is directly related to an occupation regulated by the Commission. Because Riekers' crime is specifically listed in subsection (a), we need not address the factors in subsection (b).

### b. Application of Factors Determining Riekers' Fitness to Hold a Real Estate License

In regard to the first factor, Riekers has no other prior criminal activity, so this factor weighs in favor of Riekers. The second factor would allow the Commission to consider the youth of the individual at the time of the commission of the offense; however, Riekers was in his 40s at the time of the offense. The third factor is inapplicable to Riekers because he has no past criminal activity.

As to the fourth factor, the mitigation evidence provided by Riekers, and adopted by the Commission, demonstrates his conduct and work activity were exemplary, as evidenced by letters of recommendation, work commendations, and proof of involvement and work in his community, dedication to helping others, spiritual dedication, and commitment to his family. In the PFD, the ALJ details Riekers' "exemplary record of service and achievement," "letters of recommendation attesting to his good character," Riekers' commendations, Riekers' real estate courses and "desirable designations," Riekers' post-conviction community involvement, Riekers' post-conviction counseling—which was no longer required of him, but which he continued to attend, as well as his post-conviction accountability groups. All of these factual findings were adopted by the Commission into its final order.

In regard to the fifth factor, the letter from Probation and Pretrial Services supports a positive finding. The letter states Riekers remained on the low risk caseload, complied with the terms of his probation, and maintained stable employment. The probation officers further state Riekers is eligible for early termination from probation based on his continued compliance. The sixth factor weighs in favor of Riekers as at the time of the Commission's consideration of the ALJ's decision, Riekers had completed one year of his three-year probation. But the

19

possible early termination of probation for Riekers indicates the time remaining may be less than two years. Riekers testified to his rehabilitation, including his real estate education, volunteer work, current employment and counseling, supporting a positive finding in regard to the seventh factor.

With respect to the eighth factor, letters of recommendation and commendation were submitted to the Commission and should have been considered by the Commission in making its decision. Riekers submitted letters supporting his present fitness from six different individuals who were familiar with his character before and after his conviction. Riekers' supervising broker and employer also provided a letter of recommendation and expert report for Riekers at the contested case hearing on July 29, 2016. The letter from Probation and Pretrial Services was positive in regard to Riekers' compliance and low risk for recidivism.

The ALJ, in Finding of Fact No. 13, found that Riekers was fit to hold a revoked real estate license on a probated basis. In reaching this finding, the ALJ evaluated the extent and nature of Riekers' past criminal activity; the conduct and work activity of Riekers before and following the criminal activity; and evidence of Riekers' rehabilitation or rehabilitative effort, as well as other evidence of Riekers' fitness to hold a license. The ALJ addresses Riekers' felony plea and conviction and acknowledges the fact that the offense was "not one of youthful indiscretion." The evidence in the record also demonstrates that Riekers was compliant with his probation, though neither the Final Order nor the PFD reference Riekers' compliance. The analysis narrative from the ALJ is also instructive:

> Respondent has shown a remarkable history of good deeds, honesty, and community involvement. He has presented unwavering support from all who testified or submitted letters of recommendation. His dedication to compliance with the law before the offense is apparent. The fact that he committed a violation of the law is apparent as well, but that violation appears to be an aberration. His pattern of activity

20

(both before and after the violation) points to a person who is essentially honest and trustworthy. Staff makes much of the fact that Respondent's offense is very serious; no one questions that determination (even though it is characterized as a "low risk" violation by the federal probation office).

In modifying the PFD, the Commission struck Finding of Fact No. 13 in its entirety. In its place, the Commission does not substitute any findings related to Riekers' then present fitness for licensure, other than those discussed, *supra,* that are not based on evidence in the record. However, the Commission adopted all of the ALJ's other findings of fact, which leaves the Commission without substantial evidence to support its deletion of Finding of Fact No. 13.

The Commission's statement that the ALJ did not properly apply or interpret the Commission's authority also fails to meet the Commission's burden to explain its modifications to the PFD. Tex. Gov't Code § 2001.058(e). The ALJ correctly cited the Commission's authority, the RLA and the Commission Rules. The ALJ heard from several witnesses and reviewed letters of recommendation that addressed Riekers' character and trustworthiness. After considering all the evidence, the ALJ determined that Riekers was fit to hold a revoked real estate license on a probated basis. It is not enough for the agency to simply say that the ALJ failed to properly interpret and apply applicable law; the Commission must provide a specific basis for modifying the findings of the ALJ. *Id.*; *New World Car Nissan, Inc.*, 581 S.W.3d at 840.

The Commission must consider all eight of the factors outlined in its agency rules. 22 Tex. Admin. Code § 541.1(c). The Commission abused its discretion by disregarding the factors mandated by the Legislature in determining Riekers' present fitness to hold a real estate license.

21

**D.** **The Commission's Modifications to the ALJ's Conclusions of Law**

In justifying its modification of the ALJ's Conclusions of Law in the PFD, the Commission provided the following explanation:

> While the ALJ correctly concluded that the Commission met its burden of proof to revoke Respondent's license, the ALJ incorrectly concluded that the Commission did not meet its burden of proof that the revocation should not be probated. Chapter 1101 of the Texas Occupations Code allows the Commission to revoke a license issued by the Commission if the license holder pleads guilty to or is convicted of a felony. See Tex. Occ. Code § 1101.652(a)(1). Chapter 1101 also gives the Commission, not the ALJ, discretion to probate a revocation under reasonable terms determined by the Commissions. *Id*. § 1101.656(b).
>
> The record also reflects that, while employed in a position of public trust as a federal peace officer, Respondent stole ammunition from a federal armory on multiple occasions and sold the stolen ammunition on the internet. As a result of Respondent's conviction, Respondent was required to terminate his employment as a Special Agent with the Office of the Inspector General for the U.S. Department of Health and Human Services. Respondent's felony theft conviction correlates to the fiduciary duties and relationship a real estate sales agent has to his clients. *See* 22 Tex. Admin. Code § 531.1. For these reasons, the Commission finds the ALJ did not properly apply or interpret the Commission's authority to discipline a license holder and probate a revocation under Chapter 1101, Texas Occupations Code, and the Commission's Rules.

**1.** **The Commission's Modifications to Conclusions of Law No. 7, No. 8, and No. 9 are not Supported by Substantial Evidence**

**a.** **Modification to Conclusion of Law No. 7**

The Commission changed the ALJ's Conclusion of Law No. 7 from: "The evidence regarding the 22 Texas Administrative Code 541.1(b)-(c) factors supports Respondent holding the license at this time subject to probation" to "[t]he evidence

regarding the 22 Texas Administrative Code 541.1(b)-(c) factors supports the revocation of Respondent's license."

"An agency abuses its discretion in reaching a decision if it omits from its consideration factors that the legislature intended the agency to consider, includes in its consideration irrelevant factors, or reaches a completely unreasonable result after weighing only relevant factors." *Texas Health Enters. v. Texas Dep't of Health,* 954 S.W.2d 168, 173 (Tex. App.—Austin 1997, no pet.) (citing *Statewide Convoy Transps., Inc. v. Railroad Comm'n of Tex.,* 753 S.W.2d 800, 804 (Tex. App.—Austin 1988, no writ)).

In *Garcia v. Texas Real Estate Comm'n.,* the Third Court of Appeals found that the Commission violated Section 2001.058(e) of the APA when the Commission modified a sanction recommended by an ALJ, but the Commission's findings did not support the additional discipline of a two-year suspension. 2016 WL 3068408 at *10; *see also Froemming v. Texas State Bd. of Dental Exam'rs,* 380 S.W.3d 787, 792-93 (Tex. App.—Austin 2012, no pet.) (concluding that board's explanation met requirements of section 2001.058(e) where it included discussion of aggravating circumstances it considered in determining sanction); *Texas State Bd. of Dental Exam'rs v. Brown,* 281 S.W.3d 692, 699–700 (Tex. App.—Corpus Christi 2009, pet. denied) (holding the board complied with section 2001.058(e) where it identified as support for action specific findings of fact and conclusions of law and explained why additional disciplinary action was warranted); *Pierce v. Texas Racing Comm'n,* 212 S.W.3d 745, 755 (Tex. App.—Austin 2006, pet. denied) (determining that the board complied with section 2001.058(e) where its order included three paragraphs explaining specific reasons for modification of penalty); *Grotti v. Texas State Bd. of Med. Exam'rs,* No. 03–04–00612–CV, 2005 WL 2464417 at *9 (Tex. App.—Austin Oct. 6, 2005, no pet.) (mem. op.) (concluding the board properly modified PFD

where its order included an explanation of why the recommended sanction did not address severity of conduct, was too lenient to be effective, and was insufficient to protect public).

As discussed, *supra*, the Commission adopted Findings of Fact 1-12, and 14-15, without change. The Commission is required to provide a "specific reason," for its modification of the PFD. In modifying Conclusion of Law No. 7, the Commission offers no explanation based upon the 22 Tex. Admin. Code § 541.1(b)-(c) factors that support its change from probation to revocation of Riekers' license. The explanation provided by the Commission relies on evidence not supported by the record and ignores the voluminous evidence supporting Riekers' fitness to hold a probated license.

### b.    Modification to Conclusion of Law No. 8

The Commission changed Conclusion of Law No. 8 from: "Staff met its burden of proof to demonstrate that Respondent's license should be revoked at this time, but has not met its burden of proof that the revocation should not be probated" to "Staff met its burden of proof to demonstrate that Respondent's license should be revoked."

With respect to Conclusion of Law No. 8, the Commission recites the burden applicable to the case and explains its modification of Conclusion of Law No. 8, and then states that the ALJ incorrectly concluded the Commission did not meet its burden of proof that revocation should not be probated. In its brief, the Commission argues that it has the exclusive discretion to determine the appropriate penalty. In response, Riekers argues that pursuant to the APA, the Commission's discretion to change the recommendation(s) of the ALJ was limited, and that the Commission did not have the authority to assign the burden of proof on the penalty or sanction.

24

Riekers further argues that he met his burden to demonstrate that he is "fit to hold a revoked real estate license on a probated basis."

In a contested case hearing, the ALJ determines which party bears the burden of proof. 1 Tex. Admin. Code § 155.427. The ALJ, however, must determine the burden of proof by considering the applicable statute, the referring agency's rules, and the referring agency's policy. *Id.* The ALJ may consider other factors including: (1) the status of the parties; (2) the parties' relative access to and control over information pertinent to the merits of the case; (3) the party seeking affirmative relief; (4) the party seeking to change the status quo; and (5) whether a party would be required to prove a negative. *Id.* Here, the ALJ determined that the Commission had the burden of proof in the case. The Texas Occupations Code is silent as to the burden of proof, other than affording the Commission the power to revoke, suspend or probate licenses over which it has jurisdiction. Tex. Occ. Code §§ 1101.652, 1101.656. In this case, the Commission is the party seeking affirmative relief by seeking to revoke Riekers' license.

If the Commission can simply disregard the findings of the ALJ, then there is a lack of meaningful review of the Commission's findings, in contravention of the Legislature's express statutory provision for a SOAH hearing. *See Facility Ins. Corp. v. Patients Med. Ctr.*, 574 S.W.3d 436, 444 (Tex. App.—Austin 2018, pet. filed); *see also Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 637 (Tex. 2010) ("Courts 'do not lightly presume that the Legislature may have done a useless act.'" (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998))).

The Commission supports its modification to Conclusion of Law No. 8 almost entirely on its authority to impose sanctions under the Texas Occupations Code, including the power to revoke a real estate license. While we agree that the

Commission has the discretion to modify the sanction, the Commission must provide a specific reason and legal basis for doing so. Tex. Gov't Code § 2001.058*; see also Garcia*, 2016 WL 3068408 at *3. Here, the Commission relied upon facts not supported by the evidence, and other than stating that Riekers' theft conviction correlates to the fiduciary duties and relationship a real estate agent has to his client, did not specify a sufficient factual or legal basis for the modification from a revoked probated license to complete revocation. The ALJ was specific in his findings of fact and conclusions of law as to the evidence presented and the basis for his findings; the Commission, however, was not. In light of the analysis by the ALJ of Riekers as a "person who is essentially honest and trustworthy" and the description of Riekers' offense as an "aberration," the Commission fails to articulate a basis that is supported by the evidence in the record for modifying the ALJ's sanction recommendation. *See id*. at *4 (concluding the Commission failed to comply with section 2001.0508(e) of the APA in modifying the ALJ's recommended sanction to include a two-year suspension); *see also Pierce*, 212 S.W.3d at 755 (determining that the board complied with section 2001.058(e) where its order included explanation of its authority under statutes and rules of why modification of penalty was consistent with guidelines and board precedent).

### c.    Modification to Conclusion of Law No. 9

Additionally, the Commission changed Conclusion of Law No. 9 from: "Respondent's License . . . should be revoked, but the revocation should be subject to probation for ten years. If at the end of ten years, there has been no violation of the terms of the probation then the revocation shall be lifted and Respondent's license shall be reinstated" to "Respondent's License . . . should be revoked."

In modifying Conclusion of Law No. 9, the Commission offers no explanation based upon the 22 Tex. Admin. Code § 541(b)-(c) factors that support its change

26

from probation to revocation of Riekers' license. Given that the 541.1(c) factors provide the basis for the Commission determining a person's fitness for holding a license and require that the Commission evaluate eight different factors, the Commission should have evaluated Riekers' conduct and offense pursuant to those factors. 22 Tex. Admin. Code § 541.1(c). The explanation provided by the Commission relies on evidence not supported by the record and ignores the voluminous evidence supporting Riekers' fitness, which was introduced into evidence and considered by the ALJ. Therefore, we conclude that the Commission's modifications of the PFD were not supported by substantial evidence, and in making such modifications the Commission abused its discretion.

## IV.  Conclusion

We overrule the Commission's first four issues and affirm the judgement of the trial court.[6]

/s/    Margaret 'Meg' Poissant
Justice

Panel consists of Justices Christopher, Hassan and Poissant.

---

[6] The Commission raised a fifth issue relating to whether the Commission's decision to not file exceptions to the PFD prejudiced Riekers. We need not address this issue because our resolution of the first four issues is dispositive of this appeal.